E-FILED
Thursday, 19 April, 2018 08:31:51 AM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

TIRAN JENKINS,
    Petitioner,

v.

STEVE KALLIS,
    Respondent.

Case No. 1:16-cv-01316-JES

### ORDER

Before the Court is the Petitioner, Tiran Jenkins', *pro se* Motion Pursuant to Federal Rule of Civil Procedure 59(e) "to Correct a Manifest Error of Law and Fact[.]" (D. 22). Although captioned as a Motion pursuant to Rule 59(e), a motion to alter or amend judgment, the Court construes his Motion as a Motion to Reconsider the Court's prior Order denying his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (D. 20).[1] The Government did not respond to the Petitioner's Motion. For the reasons set forth below, the Petitioner's Motion is DENIED.

The background of Petitioner's § 2241 claim is discussed in more detail in the Court's prior Order. *Id*. Relevant to the Motion presently before the Court, the Petitioner did not argue that his sentence, which was based on multiple counts, was unlawful because of the sentence he received for Count I. (D. 1). The Court denied his Petition, in part, because his conviction for Count I was valid. (D. 20). The Petitioner now brings the present Motion, pursuant to Federal Rule of Civil Procedure 59, arguing that the Court's reliance on this fact was erroneous. (D. 22).

Motions for reconsideration serve a limited function: to correct manifest errors of law or fact, or to present newly discovered evidence. *Caisse Nationale de Credit v. CBI Industries*, 90

---

[1] Citations to the Docket in this case are abbreviated as "D. __."

1

F.3d 1264, 1269 (7th Cir. 1996). It is not appropriate to argue matters that could have been raised in prior motions or rehash previously rejected arguments in a motion to reconsider. *Id.* at 1270.

The Petitioner could have raised the argument he raises now in his § 2241 Petition. He did not. Therefore, this is not the appropriate forum for his claim. *Id*. Additionally, the Petitioner's argument is premised on his assertion that the Court's finding that he was deemed a career offender for Count I, pursuant to United States Sentencing Guidelines ("USSG") § 4B1.1, is a manifest error of fact. (D. 22 at pp. 3-9). This contention is directly contradicted by the record. As noted in the Court's prior Order, he *was* sentenced as a career offender for Count I. (D. 20 at pg. 1). This finding was based upon information contained in the presentence report from the Petitioner's underlying criminal case. (D. 14 at pp. 12-14). The Petitioner points to no evidence to contradict this information. His assertions to the contrary are insufficient. As a result, the Petitioner's Motion is DENIED.

For the reasons stated above, the Petitioner's Motion (D. 22) is DENIED.

*It is so ordered.*

Entered on April 19, 2018

    _s/ James E. Shadid_
    James E. Shadid
    Chief United States District Judge